**UNITED STATES of America, Appellee,**

v.

**Michael ALLEN, Appellant.**

**No. 81–5181.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 2, 1982.

Decided Sept. 30, 1982.

Edward R. Baird, Jr., Norfolk, Va., for appellant.

David P. Baugh, Asst. U. S. Atty., Richmond, Va. (Elsie L. Munsell, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and MURNAGHAN, Circuit Judge.

FIELD, Senior Circuit Judge:

Michael Allen and seven others were indicted in the Eastern District of Virginia. Count One of the indictment alleged importation of 40,000 pounds of marijuana in violation of 21 U.S.C. § 952(a); Count Two alleged possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(6); Count Three alleged travel in foreign commerce in aid of racketeering (distribution of marijuana) in violation of 18 U.S.C. § 1952. The case was tried by a jury which acquitted the seven other defendants but convicted Allen on all three counts of the indictment. Allen has appealed his conviction, contending that the district court should have granted his motion to suppress the use of certain marijuana as evidence against him which he contends was discovered and seized in the course of an unlawful search of the vessel SILVANO.

The facts incident to the search are briefly as follows. On December 21, 1980 the Coast Guard dispatched a vessel to investigate a report of a vessel operating in an erratic manner and without navigational lights in the shipping channel on the York River, indicating that it might be disabled. Upon arriving at the scene the Coast Guard observed the SILVANO which appeared to be aground and had no national colors nor any name or hailing port displayed upon the stern as required by law. As the Coast Guard drew along side the SILVANO, the defendant, Michael Allen, appeared on deck and advised them that the captain had gone ashore, that the vessel was "home ported" in Panama and that it was not aground. Two of the Coast Guard crew boarded the vessel, but shortly thereafter aborted the boarding out of concern for their personal safety.

After pulling away from the SILVANO the Coast Guard crew requested assistance and, after picking up additional personnel to assist in the boarding, returned to the SILVANO some two hours after the initial encounter. They tied up to the SILVANO and resumed the boarding. The crew of the SILVANO was mustered and Allen was asked for the vessel's documentation which was supplied. The defendant was then informed that the documentation number

should be checked against the main beam number. The Coast Guard then proceeded to the hatch of the main hold of the SILVANO for the purpose of checking the beam number, and upon opening the hatch cover discovered burlap bales completely filling the hold which carried the characteristic smell of marijuana. On oral argument, defendant's counsel, presumably influenced by the holding in *Blair v. United States,* 665 F.2d 500 (4 Cir. 1981), fully conceded that the marijuana was in plain view insofar as one entering the main hold was concerned. The SILVANO was found to contain approximately 40,000 pounds of marijuana and the defendants, including Allen, were placed under arrest.

In our opinion the district court acted properly in denying the suppression motion. 14 U.S.C. § 89(a) authorizes the Coast Guard to make such investigative searches of any vessel subject to the jurisdiction of the United States, and such a search is subject only to the limitations imposed by the Fourth Amendment. The statutory search does not require probable cause nor reasonable suspicion and is not in itself a violation of the Fourth Amendment. The evidence in the present case indicates that the boarding of the SILVANO was for the purpose of conducting a vessel documentation check which was appropriate and reasonable under the circumstances. Incident to the investigative boarding, the Coast Guard went to that portion of the vessel necessary to determine the main beam number. The discovery of the marijuana was an indirect but lawful consequence of this limited inspection and as such its seizure and use as evidence was lawful.

Finding no merit in Allen's contention, the conviction is affirmed.

AFFIRMED.